IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Earle Ricketts, ) | |
| ) | No. 8:14-cv-4865-RMG |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Larry Cartledge, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 31), recommending that this action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to respond to Respondent's motion for summary judgment. (Dkt. No. 24). No objections have been filed to the R & R. For the reasons stated below, the Court **ADOPTS** the R & R in full.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

However, as is the case here, where no objections are made, this Court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting

the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

The Court has carefully reviewed the pleadings, the parties' briefing, and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. Following the Respondent's filing of a motion for summary judgment, the Magistrate Judge issued a *Roseboro* order advising Petitioner of the filing of the motion and the possible consequences if he failed to adequately respond. (Dkt. No. 20). Despite this explanation, Petitioner filed no response. Thereafter, the Magistrate Judge issued a second order, giving Petitioner additional time to respond and advising him again of the possible consequences of failing to respond. (Dkt. No. 22). Petitioner still failed to file a response. After the issuance of the R & R by the Magistrate Judge and being advised of the possible consequences of a failure to file written objections (Dkt. No. 24-1), Petitioner filed no objections.

Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation (Dkt. No. 31) as the order of this Court. Accordingly, this action is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would

-3-

find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

June 16, 2015
Charleston, South Carolina

-3-